BARON *vs.* KINGSLAND ET ALS.

APPLICATION FOR A MANDAMUS.

No appeal can be taken from a judgment of the court refusing an order to remove a cause to a court of the United States.

The jurisdiction of the Supreme Court is limited; the orders to the inferior courts authorised by the *Code of Practice* can only be issued in the exercise of its appellate powers, and the legislature can confer no authority beyond that required to give efficacy to those powers.

An application to remove this cause from the Parish Court for the city and parish of New-Orleans, to the Court of the United States for the Eastern District of Louisiana, was made by the defendants, alleging that they were citizens of the state of Pennsylvania, and that the plaintiff was a citizen of this state. The affidavit of one of the defendants to these facts, and the necessary bond were annexed to the petition for removal.

Judgment by default was entered on motion of the plaintiff's counsel, while the defendants' counsel was endeavoring to obtain a hearing of the court to grant their petition of removal, which the judge afterwards refused to grant. The court did not sit the preceding day, but no affidavit or bond was filed. The defendants applied to the Supreme Court for a *mandamus.*

The opinion of the court, PORTER, J. absent, was delivered by MATHEWS, J.

This cause is brought before the Supreme Court on a rule *nisi* obtained against the Parish Court of the parish and city of New-Orleans, to show cause why a *mandamus* should not issue ordering the inferior tribunal to remove, or suffer the case to be removed to a court of the United States.

Whether the reasons given by the court below justifying the refusal to permit the removal of the cause, would or would not be considered sufficient in a case legally cognisable by

this court, we deem it useless to inquire, believing that the judgment of the Parish Court is not such as to authorise an appeal. Being interlocutory and not evidently tending to cause an irreparable injury to the applicants for the *mandamus*, no appeal from it could be regularly taken, and none such has been attempted to be taken.

EASTERN DIS.
*April,* 1833.

BARON
*vs.*
KINGSLAND,
ET ALS.

No appeal can be taken from a judg-ment of the court refusing an order to remove a cause to a court of the United States.

The counsel seems to rely principally on the articles 831 and 858 of the *Code of Practice,* as giving authority, and consequently requiring the Supreme Court to exercise the jurisdiction which is asked by them in the present instance. The first of these articles is found in that part of the Code which treats of the writ of *mandamus,* which is defined to be " an order issued in the name of the state by a tribunal of competent jurisdiction," &c. This order may be issued at the discretion of the judge, even when the party has other means of relief, &c. (831.) The article 858 relates to the writ of *certiorari,* which may be granted " in a case where there was no appeal."

These writs or orders can be issued only by courts of competent jurisdiction. Now, according to the constitution of the state, the Supreme Court (although the name or appellation seems to indicate differently,) is a court of limited jurisdiction; its powers are appellate only. *See article 4, section 2, of the Constitution.* It is alone in the exercise of these powers that this court can issue the various orders to inferior tribunals as authorised by the *Code of Practice.* Being thus limited in its jurisdiction, it is believed that the legislature could not confer on the Supreme Court a general superintending and controling power over the inferior courts, beyond what may be necessary to give efficacy to its jurisdiction, which extends only to appeals. The present application appears to us to be a claim on this court requiring the exercise of original jurisdiction, which cannot be done.

It is, therefore, ordered, that the rule taken in the Parish Court be discharged at the costs of the appellant.

*Hoffman* and *Hill,* for applicants.