WESTERN DIST.
October, 1834.

STOKER
vs.
LEAVENWORTH
ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

## STOKER vs. LEAVENWORTH ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Entering a formal appearance of a defendant in a civil suit, is unknown to the practice in Louisiana.

Filing a plea, exception or answer, is the only entry of appearance required. And in an application for the removal of a cause to the United States Court, filing the petition for such removal, is evidence of the defendant's appearance.

Where a defendant alleges the plaintiff is a citizen of a certain parish, *as appears by his petition*, which states he is a *resident* : *Held* to be sufficient allegation of citizenship.

Where a person swears, " *to the best of his knowledge and belief*," it is sufficient, and the addition of this qualification, does not detract from the strength of the oath.

When a proper case is made for the removal of a cause to the United States Court, by the defendant, no judgment by default is permitted, but the court is bound to order the removal *instanter*.

Exceptions or counter affidavits, are not allowed against a proper application of a defendant, for the removal of the suit against him to the United States Court.

No affidavit to disprove the allegation for the removal of a cause to the United States Court, will be admitted.

Officers of the army of the United States, stationed on duty in this state, do not cease to be citizens of the state in which they resided, and exercised the rights of citizenship, when called into service.

This is an action in which the plaintiff seeks to make the defendants liable for the value of a slave, which he charges

WESTERN DIST.
October, 1834.

STOKER
vs.
LEAVENWORTH
ET AL.

was killed by their orders, belonging to him, and worth the sum of fifteen hundred dollars.

, He alleges that his slave, named Martin, was killed in the parish of Natchitoches, by three soldiers of the United States army, acting as a patrol, and belonging to Cantonment Jessup in said parish, acting nnder the orders of Gen. Henry Leavenworth and Captain Andrew Lewis, superior officers, commanding at said post.    He charges that the slave was worth fifteen hundred dollars, and that he has sustained five hundred dollars in damages, for all of which, he prays judgment against the defendants *in solido*.

Gen. Leavenworth, on being cited, presented his petition, stating that he was a citizen of the state of New-York, and was impleaded in a suit with his co-defendant by the plaintiff, who is a citizen of Louisiana, in which the sum of fifteen hundred dollars is claimed; he, therefore, tenders security in the sum of three thousand dollars, and prays that this suit be removed to the District Court of the United States, sitting for the Western District of Louisiana, in Opelousas. An affidavit of the facts set forth, accompanied the petition.

Captain Lewis stated, that he was a citizen of the state of Massachusetts, and made a similar application with his co-defendant, to have this cause removed into the United States Court.    In his affidavit, he swears that the facts set forth by him, *" according to the best of his knowledge and belief, are just and true," &c.*

After these applications were made, the plaintiff moved for judgment by default, which was disallowed by the court, on the ground that a judgment by default, cannot be claimed after the defendants had filed their petitions for removal of the cause; the plaintiff took his bill of exceptions to the refusal.

The plaintiff's counsel excepted to the filing of the petitions of removal of this case to the United States Court, before the defendants made an entry or appearance in court, in conformity with the 12th section of the act of congress of 1789, which were overruled on the ground, that no issue was required to be made up before removal, and the practice

WESTERN DIST. of this state did not require such appearance before answer or
October, 1834. issue joined : a bill of exceptions was taken to the opinion of
STOKER the court, overruling the exception. The opinion of the
*vs.* court, was also excepted to by the plaintiff's counsel, overrul-
LEAVENWORTH
ET AL. ing his application to file counter affidavits, to disprove the
facts alleged by the defendants, in their several applications.

The judge made the order of removal of the cause, as
applied for. The plaintiff appealed.

*Winn* for the plaintiff, assigned the following points as
errors, on the face of the record.

1. The district judge erred, in allowing the defendants to
file their petitions of removal of the case, to the United States
Court, before entering appearance in court, according to the
act of congress of 1789.

2. The order of removal is erroneous, because the defend-
ants did not make a legal showing, that the plaintiff *was* a
citizen of Louisiana, and that they (defendants) were *not*
citizens of Louisiana ; and because one of the defendants in
his affidavits, only swears to the *best of his knowledge and belief*,
which is insufficient in law.

3. The decision of the District Court was erroneous in
refusing a judgment by default, to the plaintiff.

4. The court erred in refusing to allow the plaintiff to
show by counter affidavits, that the defendants were both
citizens of Louisiana.

The defendants, by their own showing, are citizens of
Louisiana, and are actually residing therein.

*Boyce,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendants in this case made several applications, filed
several affidavits and surety bonds, and obtained several and
separate orders for the removal of the present suit, to the
District Court of the United States. The plaintiff took a
separate appeal in each, and has filed a separate assignment
of errors as follows :

WESTERN DIST.
October, 1834.

STOKER
vs.
LEAVENWORTH
ET AL.

1. The court erred in permitting the petition for a removal of the cause to be filed before, and without an appearance being entered.

2. The court erred in ordering the removal, as it was not legally shown, that the plaintiff is a citizen of Louisiana; and that *both* the defendants *are not;* and that each defendant did not allege his co-defendant was not a citizen of said state. That the affidavit of one of the defendants, is not absolute, but qualified, being *according to the best of his knowledge and belief.*

3. That the court erred in refusing leave to take judgment by default.

4. And finally in refusing leave to file exceptions and counter affidavits, and thereby show, that the defendants *were* citizens of Louisiana.

5. That one of the defendants, by admitting he was stationed in command of a military post, within the state of Louisiana, was from his own showing, a citizen of Louisiana.

I. The entry of a formal appearance of a defendant, is unkown to the practice in Louisiana. The filing a plea or answer, or taking any notice in court, is the only evidence of such appearance which the record presents, or the law requires. In the present case, the filing of the petition for removal of the cause, was evidence of the defendants appearance.

II. Both petitions for the removal, were filed simultaneously. The petitioners allege, that the plaintiff is a citizen of Louisiana, and a resident of the parish of Natchitoches, as is alleged in his petition. It is contended, that this is not a positive and absolute, but a qualified allegation, and that the citizenship is presented, merely as a consequence of the alleged residence; that although the residence of a citizen of another state, renders him a *citizen* of the state in which he resides, the residence of an alien has not the same effect.

This court is of opinion, that the words, *as appears by the petition,* may well be taken as a reference to what actually appears in that document, that is to say, the residence in the

Entering a formal appearance of a defendant in a civil suit, is unknown to the practice in Louisiana.

Filing a plea, exception or answer, is the only entry of appearance required; and in an application for the removal of a cause to the U.S. Court, filing the petition for such removal, is evidence of the defendant's appearance.

Where a defendant alleges the plaintiff is a citizen of a certain parish, *as appears by his petition,* which states he *is a resident*: *Held,* to be sufficient allegation of citizenship.

STOKER
*vs.*
LEAVENWORTH
ET AL.

Where a person swears "*to the best of his knowledge and belief*," it is sufficient, and the addition of this qualification does not detract from the strength of the oath.

When a proper case is made for the removal of a cause to the U. S. Court by the defendant, no judgment by default is permitted, but the court is bound to order the removal *instanter*.

Exceptions or counter affidavits are not allowed against a proper application of a defendant for the removal of the suit against him to the U.S. Court.

No affidavit to disprove the allegation for the removal of a cause to the U. S Court will be admitted.

parish, and not to what does not appear therein, viz: the citizenship.

The applications, though several, being simultaneous, and having the same object in view, may be considered as the joint application of both defendants, who may have been induced to make them in this way, because neither could aver and swear to the citizenship of the other, or they may have found it convenient to give security for both. Each swears to his own citizenship, and each may use the affidavit of his co-defendant, to satisfy the court of the citizenship of the other. A proper case being presented, the court might have made a single order of removal, and the case is not altered by two separate orders having been made.

Many have doubted, and this court has expressed its opinion, that it shared in the doubt, whether the addition in the affidavit, that the affiant swears *to the best of his knowledge and belief*, is not such a qualification of the oath, as may enable the party to avoid a conviction of perjury.

After the most mature consideration, our minds have come to the conclusion, that as the party swears to the *best of his knowledge*, he could not shelter himself under an allegation, that he swore according to his *belief* only. The oath, in fact, is not according to the best of his knowledge or belief. We, therefore, conclude, that the addition of this *formula*, detracts nothing from the strength of the oath.

III. When the defendant has made out a proper case for a removal, the State Court is bound to abstain from the further cognizance of the cause, and to order the removal of it *instanter*. It cannot, therefore, allow judgment to be taken by default.

IV. Neither can the State Court act on, or receive exceptions or counter affidavits, in cases of this kind.

V. No attempt to disprove the allegations of the defendants, made in their affidavits, can be allowed. Applications for the removal of a cause, are to be disposed of in a summary way.

VI. The defendants have indeed shown, that, as officers of the army, in the service of the United States, they had been for a long time, in the performance of garrison duty, in one of

the fortifications within the state of Louisiana. But this, in our opinion, does not deprive them of any right they may claim, as citizens of the state in which they resided, and exercised the rights of citizenship, when called out of it and ordered into the service of the United States. They cannot be deprived of such rights, without their consent. A voluntary residence in another state, than that in which one was a citizen, is evidence of an intention to abandon with the residence, the rights that result from it, when the removal is made in pursuit of the affairs or pleasure of the person concerned, but not when a citizen leaves his state, to serve the United States, out of the limits of his own state for a time.

WESTERN DIST.
October, 1834.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.