EASTERN DIST.
*March*, 1840.

OAKEY ET AL.
*vs.*
COMMERCIAL &
RAIL ROAD BANK
OF VICKSBURG.

OAKEY ET AL *vs.* COMMERCIAL AND RAIL ROAD BANK OF VICKSBURG.

APPEAL FROM A FINAL JUDGMENT OF THE COMMERCIAL COURT OF NEW-ORLEANS.

Where a corporation existing in another state is sued by attachment here, it is *sufficient* for such defendants to present a petition in compliance with the 12th section of the Judiciary Act of 1789, and *allege that the corporators are all and each of them, citizens of other states, or aliens*, in order to have the cause removed to the United States Court.

In an application for the removal of a cause to the United States Court, the State Court has no authority to inquire into the truth of the allegations in the petition. It is sufficient, and the record must show that the defendants *are citizens of another state*, or aliens.

This suit was instituted in the first District Court, and before final judgment, removed to the Commercial Court.

The plaintiffs allege, that they hold eleven hundred dollars in notes of the Commercial and Rail Road Bank of Vicksburg, a corporation established by a law of Mississippi, and domiciled in that state; and that said bank refuses to pay them in lawful money of the United States; wherefore, they pray for judgment and writ of attachment against the property of the bank in this state.

The defendant, on entering appearance, averred, that the plaintiffs were citizens of this state, and that they, viz: "The president, directors and company of the Commercial and Rail Road Bank of Vicksburg, *are all and each of them, citizens of other states of the United States, or aliens*," and pray for

EASTERN DIST.
*March,* 1846.

OAKEY ET AL.
*vs.*
COMMERCIAL &
RAIL ROAD BANK
. OF VICKSBURG.

removal of the suit to the Circuit Court of the United States for the ninth circuit, holden in New-Orleans, &c., and they annex a bond with surety, and the usual affidavit.

On this issue, the district judge, before whose court the case was still pending, decided that a corporation is incapable of citizenship and cannot make the necessary allegations and showing, to entitle it to a removal of the cause to the United States Court.    The application for removal was rejected ; and the cause was soon after transferred to the Commercial Court ; and, from final judgment rendered against the defendants, they appealed.

*L. C. Duncan,* for the plaintiffs, insisted that this case did not come within the jurisdiction of the federal courts, and that the application for a removal was properly rejected : and cited *Conkling's Treatise on the Jurisdiction and Practice of the United States Courts, pages* 234–5 ; 2 *Sumner's Reports,* 338 ; and the authorities there cited.  1 *Peters,* 238 ; 3 *Dallas,* 382 ; 6 *Peters,* 450.

2. The character of the party must be distinctly averred, and the particular state he lives in, and of which he is a citizen, must be stated ; or the foreign country to which he belongs, if an alien.

3. It is not denied that the federal court has jurisdiction in cases where corporations are parties ; but the point is this, that there must be such a distinct averment setting forth the state of which the party is a citizen.    Now, though the state court is not called upon to decide the general question of jurisdiction of the federal court ; yet, the state judge is as much bound by the act of congress, as the federal judge, and he must inquire whether there is such a case presented to him in the petition for removal, as will give clear jurisdiction to the federal court.

4. Tested by this principle, the petition for removal contains no such averment of citizenship and residence, as will enable the party to traverse that question. It should have been averred of what particular state, each stockholder is a citizen, or of what foreign country, a subject.

*Hoffman,* for the appellants, contended, that the averments in the petition for the removal of this cause to the United States Circuit Court, were fully sufficient, and showed that the defendants were non-residents, or citizens of another, or other states than this ; or that they were aliens. In either case they are entitled to be heard in the United States Court. *See* 12*th section of Judiciary Act,* 1789. The authorities cited by the plaintiffs' counsel have no application to this case, and do not bear on it, or go against it.

EASTERN DIST.
*March,* 1840.

OAKEY ET AL.
*vs.*
COMMERCIAL &
RAIL ROAD BANK
OF VICKSBURG.

*Martin, J.,* delivered the opinion of the court :

The only question which arrests our attention in the present case, is whether the judge of the inferior court erred in disregarding the defendant's petition at the time of entering his appearance, and on a tender of sufficient security, to have the case transferred to the Circuit Court of the United States, on an allegation that all the plaintiffs were citizens of this state, and that the defendants, to wit, " the president, directors and company of the Commercial and Rail Road Bank of Vicksburg, *are all and each of them, citizens of other states, or aliens.*"

It is not contended that the security offered was not good and sufficient ; and the defendants and appellants, therefore, urge that it was the duty of the court, in the language of the 12th section of the Judiciary Act of the United States, passed in 1789, *to accept the surety, " and proceed no further in the cause."*

The court had no authority to inquire into the truth of the allegations in the petition. This was the province of the Court of the United States after the removal. The judge of the inferior court, however, assumes that the defendants, being a corporation, could not be citizens of another state, or aliens ; and that, therefore, they did not possess such a national character. The cases referred to by the judge *a quo,* and the counsel for the plaintiffs and appellees, are as follows : Bingham *vs.* Cabot et al, 3 *Dallas,* 382 ; Breithaupt *vs.* Bank of Georgia, 1 *Peters,* 238 ; Smith *vs.* Rines et al, 2 *Sumner's Reports,* 338 ; *and Conkling's Treatise, &c.,* 234-5.

*Where a corporation existing in another state is sued by attachment here, it is sufficient for such defendants to present a petition in compliance with the 12th section of the judiciary act of 1789, and allege that the corporators are all and each of them citizens of other states, or aliens, in order to have the cause removed to the United States Court.*

*In an application for the removal of a cause to the U. S. Court, the State Court has no authority to inquire into the truth of the allegations in the petition. It is sufficient, and the record must show, that the defendants are citizens of another state, or aliens.*

The first case cited from 3 *Dallas*, 382, is one amongst others which was stricken from the docket of the Supreme Court of the United States, for not stating in their pleadings, that the parties were citizens of different states, or aliens. The next case relied on, was that of a corporation, and it was dismissed ; the record not showing the citizenship, or alienage, of its members. The third case decides only, that a suit cannot be removed *partially ;* that all the defendants must join in the petition for the removal. The last authority referred to, to wit, *Conkling's Treatise,* does not support the proposition in favor of which it is invoked. The case of Breithaupt *vs.* Bank of Georgia, 1 *Peters,* 238, oppugns it ; for the affirmative, that a case is to be dismissed because the citizenship, or alienage, of the corporators is not alleged, is pregnant with the negative that a case like the present, in which such citizenship, or alienage, *are set forth,* and specially alleged, ought not to be dismissed for want of jurisdiction by a court of the United States.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court, be annulled, avoided and reversed ; and the case remanded, with directions to the court below to accept good and sufficient security, and proceed no further in the cause. The plaintiffs and appellees, paying costs in both courts.