## CASTERN N. FRANCISCUS *v.* FRANCIS SURGET.

An affidavit to disprove one made by the opposite party, for the purpose of removing a case from a State Court to a Circuit Court of the United States, under the 12th section of the act of Congress of the 24th September, 1789, is inadmissible. The citizenship of the parties is a fact to be shown to the satisfaction of the court, and this showing is necessarily *ex parte.* The order of removal is not final ; it is for the United States Court to decide ultimately upon its jurisdiction, which may remand the case to the State Court, should it think itself without jurisdiction.

APPEAL by the plaintiff from an order of the District Court of Concordia, *Willson,* J.

*Sanders, Frost,* and *Stockton,* for the appellant, cited 2 Cranch, 9. 3 Dallas, 382. 3 Day, 294. 4 Dallas, 12, 22.

*Shaw* and *Stacy,* for the defendant relied on the case of *Stoker* v. *Leavenworth et al.,* 7 La. 390 ; citing also, 6 Peters' Reports, 762, and 1 Peters' Digest, p. 494, Nos. 8, 12.

BULLARD, J. This is an appeal from an order of the District Court, removing the cause to the Circuit Court of the United States, in pursuance of the provisions of the act of Congress. The defendant presented his petition to that effect, together with his affidavit that the plaintiff is a citizen of Louisiana, and the defendant a citizen of the State of Mississippi, and that the matter in dispute exceeded five hundred dollars. This showing appeared satisfactory to the court.

The plaintiff, it appears from a bill of exceptions, offered to file an opposition, together with his affidavit, which was refused. In the case of *Stoker* v. *Leavenworth et al.,* 7 La. 390, we held, that

counter affidavits were inadmissible.   But in this case, admitting the affidavit, it is clear that the citizenship of the plaintiff is made out.   He makes himself out a native citizen of Maryland, and his own petition shows his residence in Louisiana.   Now a citizen of Maryland residing in Louisiana, is essentially a citizen of Louisiana.

The various decisions to which our attention has been called, showing that in the Courts of the United States, the uniform rule is, that the jurisdiction of the court, *jure personarum*, should appear clearly from the record, and especially, that the citizenship of the parties shall be distinctly alleged, are fully recognized. But these principles cannot apply to cases like the present, before they are removed from the State Court; otherwise, it would be in the power of the plaintiff, by keeping out of view the citizenship of the parties, to defeat the right of removal.   It appears to us, that the citizenship of the parties, is one of the facts which is to be shown to the satisfaction of the court; and that the showing is necessarily *ex parte*.   But the order of removal is not final.   It is for the Federal Court to decide ultimately upon its jurisdiction ; and if it should appear to that court, that it is without jurisdiction, the case will be remanded to the State Court.

Upon the whole, we have attentively considered the arguments addressed to us on this question, but they have failed to satisfy us, that the court proceeded upon a mistaken idea of the law in the cases reported in 4 Mart. N. S. 344, and in 7 La. 390 ; and we adhere to the principles therein settled.

*Judgment affirmed.*