No. 1468.—J. G. .Rosenfield *v.* The Adams Express Company.

An application by defendant to remove a cause is analogous to a plea to the jurisdiction, and when ordered by the court the party against whom 'it is taken 'may appeal, but 'when the order of removal is refused, no irreparable injury follows, and it is unappealable. It will, however, be examined on the appeal taken by defendant from a final judgment on the merits, and if found erroneous, will be corrected.

The Adams' Express Company, domiciliated in the State of New York, and all of its corporators citizens of other States than Louisiana, has a right, when sued in one of the courts of this State, by a citizen of the State, to remove the cause to the next Circuit Court of the United States.　Judiciary Act of 1789, Section 12.

All proceedings taken in a cause by a State court after erroneously denying an application to remove to the Circuit Court of the United States, are *coram non judice* and void.

Where the authority of an attorney at law to appear in a cause is not questioned it will be presumed, and his acts will be binding on the party for whom he appears.

APPEAL from the Third District Court, of New Orleans.　*Fellowes, J. C. Roselius* and *Alfred Philips,* for plaintiff and appellee.　*Sullivan, Billings & Hughes,* for defendants and appellants.

Howe, J.　The plaintiff brought this suit against the defendants, as express forwarders, and caused them to be cited through Alfred Lockwood.　The defendants, appearing by their attorneys at law, filed a petition for the removal of the cause for trial into the next Circuit Court of the United States to be held in the Eastern District of Louisiana, offering surety in such amount as the court might require, and took a rule to show cause why the case should not be thus removed. The petition was verified by Asa S. Blake, who states in his affidavit that he is superintendent of the Adams Express Company.　It appears from the record that upon the trial of the rule " the plaintiff objected to the transfer on the ground that the application was not in proper form, in this, that the authority of Blake, as superintendent of the company, does not extend to the power of representing the defendants in actions brought against them."　Upon the ground that no such authority had been delegated to Blake, the District Judge denied the application. The defendants, reserving their rights upon this point, proceeded to answer upon the merits, and upon the trial a judgment was rendered against them, from which they have appealed.

The question which we meet at the threshold of the case is whether the District Court erred in refusing the application for removal.　It is urged by plaintiff that as no appeal was taken from the judgment on the rule, the question cannot now be considered.　The current of decision however, runs in a contrary direction.　An application to remove is analogous to a plea to the jurisdiction, and when a removal is ordered the plaintiff would be without remedy against such an order, unless by appeal.　It is otherwise when the court retains jurisdiction ; the order is then an interlocutory decree, causing no irreparable injury and unappealable, but which may be examined on an appeal by defendant from the final judgment, and may then, if erroneous, be corrected. Higgins *v.* McMicken, 6 N. S. 712 ; 2 M. 176 ; 5 La. 378 ; 9 A. 241.

Proceeding then to examine the action of the District Court in this matter, we are constrained to the conclusion that it was erroneous. The defendants, averring themselves to be a corporation created by and under the laws of the State of New York, and that all its corporators are citizens of other States than Louisiana, had a right when sued in one of our courts by a citizen of this State, to remove the cause into the next Circuit Court of the United States, under the twelfth section of the Judiciary Act of 1789.  1 U. S. Statutes 79.

This right is established under the constitutional provisions respecting the judicial power of the United States, and the proceedings of a State court after erroneously denying it, are *coram non judice* and nugatory.  Gordon *v.* Lengest, 16 Peters 97 ; Kanonse *v.* Martin, 15 Howard 198.

· The law prescribes only the presentation of a petition by defendant on his first appearance, setting forth to the satisfaction of the court the necessary facts, and the offering of surety for the filing of copies of process in the next Circuit Court.  It is the usual and approved practice to have this petition verified by an affidavit ; but we are not aware of any rule which would make the affidavit of Blake in this case unauthorized or unavailing.  The plaintiff did not attempt to show that the petition was in any respect untrue ; indeed, it seems to be settled that such an attempt cannot be permitted.  7 La. 394 ; 14 La. 515 ; 6 Rob. 33. The court does not seem to have questioned the truth of the petition and no objection was made to the bond.  The decision of the court appears to have been based upon the authority of Fuselier *v.* Robin, 4 An. '61, but that was a case where one attempted to obtain judgment against an absentee by citing an agent who had no special authority to receive citation, and it was correctly decided that the judgment must fall for want of a foundation.  But in this case there is no question of sufficient citation.  The plaintiff's petition does not aver agency in any one ; a copy, with citation, was served on Lockwood; the only evidence of whose agency is found in the statement by the sheriff in his return that he knew him to be such lawful agent " by interrogating him." The defendants then appeared by their attorneys at law, members of our bar, whose authority is not questioned and will be presumed.  8 N. S. 234 ; 16 La. 368.  Upon that for the first time appearing they make a showing which would seem to have entitled them to the removal of the cause to the Federal court.

For the reasons given it is ordered and adjudged that the judgment appealed from be avoided and reversed, and the case remanded to the District Court, with directions to accept sufficient surety for the removal of the cause to the next Circuit Court of the United States for the District of Louisiana, and thereafter to proceed no further in the case.  It is further ordered that the appellee pay the costs of the appeal.